UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------x
ROY FALKOWSKI,

                    Plaintiff,

        -against-                              MEMORANDUM & ORDER
                                               08-CV-2550(JS)(AKT)
NORTH FORK HOUSING ALLIANCE, INC.,
TANYA PALMORE, in her capacity as
Executive Director, BARRY LATNEY,
in his capacity as Hearing Officer,

                    Defendants.
---------------------------------------x
APPEARANCES:
For Plaintiff:     Hannah Abrams, Esq.
                   Nassau/Suffolk Law Services Committee, Inc.
                   313 West Main Street
                   Riverhead, NY 11901

For Defendants:    No Appearance

SEYBERT, District Judge:

        The Court is in receipt of Magistrate Judge A. Kathleen

Tomlinson's Report and Recommendation ("R&R"), which recommended

that Plaintiff's motion for a default judgment be denied.

Plaintiff objects to the R&R and argues that his motion for a

default judgment should be granted, or in the alternative, the

Court should permit Plaintiff to file an Amended Complaint.  For

the reasons stated below, the Court adopts Judge Tomlinson's R&R

and grants Plaintiff's motion to amend.

                            BACKGROUND

        The R&R sets forth the facts of this case in a thorough

manner, and therefore, the Court will not recite them in detail.

See 08-CV-2550, Docket No. 12 (E.D.N.Y. Aug. 17, 2009).   In

summary: Plaintiff is a participant in the Department of Housing and Urban Development's ("HUD") Housing Choice Voucher Rental Assistance Program (hereinafter referred to as the "Section 8 program"). Defendant North Fork Housing Alliance, Inc. (the "Housing Authority") is a non-profit corporation established by the Town of Southold. The Housing Authority pays Plaintiff's monthly rent because Plaintiff is a recipient of Section 8 rental assistance.

On April 8, 2008, Defendant Tanya Palmore ("Palmore"), Executive Director of the Housing Authority, sent Plaintiff a notice terminating his Section 8 voucher. The notice stated that Plaintiff's Section 8 rental assistance had been terminated because an unauthorized person, Peter Foster ("Foster"), had been residing in Plaintiff's unit since December 2007, Plaintiff had been collecting $150.00 in weekly rent from Foster while receiving Section 8 rental assistance, and Foster was a known sex offender.

On May 22, 2008, an informal hearing was held to review the Housing Authority's decision to terminate Plaintiff's Section 8 benefits. Although Plaintiff was present with counsel at the hearing, Plaintiff maintains that Defendants did not provide him with a full opportunity to be heard. In short, Plaintiff states that Defendants called a witness despite previously telling Plaintiff that no witnesses would be called, certain hearsay testimony was admitted during the hearing, Plaintiff was not

permitted to cross-examine a HUD Specialist, and Plaintiff was not permitted to examine a police report regarding the matter prior to the hearing.

On May 23, 2008, Plaintiff received a letter from Palmore stating that the evidence presented at the hearing and a print-out from the New York State Department of Criminal Justice Services' website revealed that Foster had been residing in Plaintiff's residence. As a result, the Housing Authority decided to terminate Plaintiff's Section 8 rental assistance effective July 1, 2008. Plaintiff argues that Palmore should not have sent the written decision but rather the decision should have been written by Barry Latney, who presided as the hearing officer.

Plaintiff maintains that Defendants violated his due process rights by terminating his Section 8 voucher without providing him with a full opportunity to be heard at the hearing and without providing him with a written decision by an impartial policy-maker. On October 22, 2008, Plaintiff filed a motion for a default judgment against Defendants. This Court referred Plaintiff's motion to Judge Tomlinson on November 4, 2008.

On August 17, 2009, Magistrate Judge Tomlinson issued an R&R recommending that Plaintiff's motion for a default judgment against Defendants be denied because Plaintiff failed to plead a violation of Section 1983. Plaintiff objects to Judge Tomlinson's R&R and argues that the Court should grant his motion for a default

judgment, or in the alternative, should provide Plaintiff with an opportunity to amend his Complaint to cure the deficiencies noted in the R&R.

DISCUSSION

I. <u>Standard of Review</u>

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous." <u>Walker v. Vaughan</u>, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted). A party may serve and file specific, written objections to a magistrate's report and recommendation within ten days of receiving the recommended disposition. <u>See</u> FED. R. CIV. P. 72(b). Upon receiving any timely objections to the magistrate's recommendation, the district "court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1)(C); <u>see</u> <u>also</u> Fed. R. Civ. P. 72(b). A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they object. <u>See</u> <u>Barratt v. Joie</u>, No. 96-CV-0324, 2002 U.S. Dist. LEXIS 3453, at *2 (S.D.N.Y. March 4, 2002) (citations omitted).

When a party raises an objection to a magistrate judge's report, the Court must conduct a <u>de</u> <u>novo</u> review of any contested sections of the report. <u>See</u> <u>Pizarro v. Bartlett</u>, 776 F. Supp. 815,

4

817 (S.D.N.Y. 1991).  But if a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error."  <u>Pall Corp. v. Entegris, Inc.</u>, 249 F.R.D. 48, 51 (E.D.N.Y. 2008).  Furthermore, even in a <u>de</u> <u>novo</u> review of a party's specific objections, the court ordinarily will not consider "arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance."  <u>Kennedy v. Adamo</u>, 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. 2006).

II. <u>Judge Tomlinson's R&R</u>

In her R&R, Judge Tomlinson properly stated that certain procedural safeguards are required before Defendants may terminate Plaintiff's protected property interest in continuing to receive Section 8 rental subsidiaries.  In order to terminate Plaintiff's protected property interest, due process requires (1) timely and adequate notice, including the reasons for the proposed termination, (2) an opportunity to be heard at a pre-termination hearing, including the right to present evidence and confront and cross-examine witnesses, (3) a right to be represented by counsel at the hearing, (4) a written decision, including the reasons for the determination and the evidence on which the decision maker relied, and (5) an impartial decision maker.  <u>See</u> <u>Goldberg v. Kelly</u>, 397 U.S. 254, 266-71, 90 S. Ct. 1011, 25 L. Ed. 2d 287

(1970).

Judge Tomlinson found that Plaintiff was provided with an opportunity to be heard at the hearing. The Court agrees. Plaintiff complains that Defendants called a witness despite telling him that no witnesses would be called; however, Plaintiff's counsel objected to this testimony, which was overruled, and as Judge Tolimson noted, there is nothing in the record to indicate that Plaintiff did not have an opportunity to refute the witness's testimony. Next, the Court rejects Plaintiff's allegation that Defendants violated his due process rights by failing to provide him with an opportunity to inspect a police report. It is clear from the record that the police report was not submitted as evidence during the hearing. Plaintiff also claims that he was not presented with an opportunity to cross-examine HUD Specialist Victor Oluwole; however, as Judge Tomlinson correctly found, Plaintiff has not provided any evidence showing that Oluwole was present at the hearing. Finally, the Court agrees with Judge Tomlinson that hearsay testimony was permissible in the informal hearing.[1]

Judge Tomlinson found that Plaintiff's strongest argument

---

[1] Plaintiff has not objected to Judge Tomlinson's findings with respect to Plaintiff's claims that Defendants violated his due process rights by permitting hearsay at the hearing, failing to allow Plaintiff to review the police report, and by calling a witness despite informing Plaintiff that one would not be called.

was Plaintiff's claim that his due process rights were violated because he did not receive a written decision by Defendant Latney. The allegations in Plaintiff's Complaint, which must be accepted as true at this stage in the litigation, set forth that Latney was the hearing officer, but never sent Plaintiff a written decision stating the basis for the Housing Authority's decision and the evidence upon which the decision was based. According to Judge Tomlinson, Latney was likely the only person authorized to send Plaintiff a written decision.

Judge Tomlinson further found that Palmore should not have provided Plaintiff with the written decision because Palmore wrote the original letter notifying Plaintiff that his Section 8 benefits had been terminated, and therefore could not be an impartial decision maker. Nonetheless, Judge Tomlinson stated that "these allegations cannot sustain a Section 1983 claim against Defendants Palmore and Latney in their official capacities in any event because there is no allegation that any policy or custom of the [Housing Authority] played any role in the violation of federal law." R&R p. 16. Additionally, Judge Tomlinson found that the claims against the Housing Authority failed because Plaintiff had not shown that Defendants Latney or Palmore were "final policymakers" such that their actions would constitute policy for which the Housing Authority would be liable. Although the Court agrees with Judge Tomlinson's recommendations, the Court holds that

Plaintiff should be provided with an opportunity to amend his Complaint to show that Defendants Latney or Palmore were final policymakers.

II. Plaintiff's Objections and Motion to Amend

It is well-established that a Plaintiff bringing a Section 1983 action against a municipality must plead three elements: "'(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right.'" Zahra v. Southold, 48 F.3d 674, 685 (2d Cir. 1995) (quoting Batista v. Rodriquez, 702 F.2d 393, 397 (2d Cir. 1983)). "Local governing bodies . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). "Where a plaintiff seeks to hold a municipality liable for a 'single decision by [a] municipal policymaker[],' . . . the plaintiff must show that the official had final policymaking power. . . ." Roe v. City of Waterbury, 542 F.3d 31, 37 (2d Cir. 2008) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 480, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986) (additional citations omitted)). Here, Plaintiff seeks to hold the Housing Authority liable for a single decision, namely its decision to terminate Plaintiff's Section 8 rental assistance. Thus, Plaintiff must show that the

8

individually-named Defendants had final policymaking power.

Plaintiff argues that Magistrate Judge Tomlinson properly found that an impartial decision maker did not render the written decision setting forth the reasons for the Housing Authority's decision, but erred in finding that Plaintiff had not established that the individually-named Defendants are policymakers. Plaintiff maintains that he "did not overtly allege that the Defendants were policymakers because it was self-evident that both individuals did in fact have that authority." Pl.'s Obj. P. 4. The Court disagrees. Plaintiff's Complaint merely states that Defendant Latney is the President of the Board of the Housing Authority and presided as the hearing officer, and that Palmore is the Executive Director "responsible for the daily oversight and day-to-day administration of the Section 8 program." Compl. ¶ 8. It is not "self-evident" from these brief statements that Defendants are policymakers. Thus, the Court rejects Plaintiff's objections and adopts Magistrate Judge Tomlinson's R&R in its entirety.

III. <u>Motion to Amend</u>

Plaintiff argues that if the Court adopts Judge Tomlinson's R&R, it should provide Plaintiff with an opportunity to amend his Complaint to show that Defendants were final policymakers.

FRCP 15(a)(2) provides that "court[s] should freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a).

9

Generally, a court denies leave when the non-moving party can show "'undue delay, bad faith, futility of the amendment, and . . . prejudice.'" <u>Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.</u>, 404 F.3d 566, 603-604 (2d Cir. 2005) (quoting <u>Richardson Greenshields Secs., Inc. v. Lau</u>, 825 F.2d 647, 653 n.6 (2d Cir. 1987)). The decision to grant or deny a party's motion for leave to amend "is within the sound discretion of the district court . . . ." <u>Zahra v. Town of Southold</u>, 48 F.3d 674, 685 (2d Cir. 1995) (citing <u>John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.</u>, 22 F.3d 458, 462 (2d Cir. 1994)).

The Court finds that Plaintiff should be given an opportunity to amend his Complaint. There is no evidence of undue delay or bad faith. Because Defendants have not responded to the original Complaint, the Court finds that Defendants would not be prejudiced by the filing of an Amended Complaint. Additionally, because Plaintiff has a potentially meritorious claim, the Court finds that it would not be futile to provide Plaintiff with an opportunity to file an Amended Complaint. Thus, the Court GRANTS Plaintiff's motion to amend his Complaint.

<u>CONCLUSION</u>

For the reasons stated above, the Court ADOPTS Magistrate Judge Tomlinson's R&R, and GRANTS Plaintiff's motion to amend his Complaint. Plaintiff's Amended Complaint must be filed by October 13, 2009.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     September  30 , 2009
           Central Islip, New York